UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          :
                                  :    CRIMINAL NO. 14-67-BAJ
*versus*                          :
                                  :
SCOTT DAVID ZERINGUE              :

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to a Bill of Information charging conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, and that the defendant will admit to the forfeiture allegation in the Bill of Information.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, no additional criminal charges related to the violation contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives the Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or

act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The United States Attorney agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial unless the defendant breaches this Plea Agreement by failing to plead guilty as agreed, providing false information, failing to provide full and complete cooperation, or violating the terms of this Plea Agreement in any other manner. In the event of such a breach, any information provided by the defendant, and any information derived therefrom, may be used against the defendant in this or any other prosecution. Such information includes, but is not limited to, the Plea Agreement itself, the factual stipulation contained in Paragraph 10 of the Plea Agreement, and any other information provided by the defendant. In addition, in the event of such a breach, the defendant may be prosecuted for any offense covered by this Plea Agreement. The defendant's plea of guilty may not be withdrawn.

6.

The defendant agrees to fully and truthfully complete the financial statement provided to him by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with the Court. Further, upon request, he agrees to provide the Office of the United States Attorney with any information or documentation in his possession regarding his financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against him, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate his capacity to pay the government's claim or judgment against him, whatever that claim or judgment may be. If the defendant refuses to comply with this paragraph or provides false or misleading information, he may, after a judicial finding of such, be prosecuted for any offense covered by the agreement, and all statements and information provided by the defendant may be used against him. The defendant's plea of guilty may not be withdrawn.

7.

The defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment

which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

8.

The defendant understands that, as a result of this Plea Agreement, he could receive a maximum sentence of five (5) years imprisonment, a $250,000 fine or twice the gross gain from the offense, whichever is greater. In addition, the Court must impose a special assessment of $100, which defendant agrees to pay at the time of sentencing. The Court may also order restitution in accordance with law. The defendant understands that, if the Court imposes a term of imprisonment, he may also receive a term of supervised release after imprisonment of not more than three (3) years. The defendant further understands that supervised release is a period of supervision during which he must comply with certain rules. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of two (2) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

9.

The United States and the defendant further agree that, if the defendant's offense level prior to operation of Section 3E1.1(a) is level 16 or greater, and if the defendant complies with the provisions of Section 3E1.1(b) and all terms of this Plea Agreement, including but not limited to the timely submission of the financial statement referenced in Paragraph 6, the United

States will move pursuant to Section 3E1.1(b) for a downward adjustment of one additional level.

10.

The United States and the defendant stipulate, for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines, to the following factual basis:

### Background

During the relevant period, The Shaw Group, Inc. ("Shaw") was a company listed on the New York Stock Exchange ("NYSE") and based in Baton Rouge, Louisiana. Shaw provided engineering, construction, technology, fabrication, remediation, and support services for clients in the energy, chemicals, environmental, infrastructure and emergency response industries. Chicago Bridge and Iron Company NV ("CBI") was an engineering and construction company in the energy industry which was listed on the NYSE and which had significant operations in Houston, Texas.

In or around April 2012, Shaw began considering a potential merger with another company. On July 29, 2012, Shaw and CBI finalized the terms of a merger transaction agreement whereby CBI acquired all outstanding shares of Shaw common stock ("the Merger"). The Merger was publicly announced on July 30, 2012. As a result of the announcement, Shaw's stock price rose substantially.

### The Conspiracy

In 2012, Scott David Zeringue, the defendant herein, was the Vice President of Construction Operations for the Plant Services Division of Shaw. In and around July 2012, in the course of his duties as a Shaw officer, the defendant received confidential information regarding an impending acquisition of Shaw by another company ("the inside information").

Thereafter, in and around July 2012, the defendant and J.R., who was a friend and family member of the defendant's, made an agreement to commit securities fraud by trading on the inside information ahead of the public announcement of the Merger ("the conspiracy").

To accomplish the purpose of the conspiracy, the defendant provided the inside information to J.R. in a series of phone conversations prior to the public announcement of the Merger, with the understanding that J.R. would purchase

[5]

and sell Shaw securities on the basis of such information. During one of the aforementioned phone conversations, the defendant requested that J.R. purchase $5,000 worth of Shaw securities on the defendant's behalf. Both the defendant and J.R. subsequently traded in Shaw securities on the NYSE and made substantial profits.

### The Overt Acts

In furtherance of the conspiracy, the defendant and J.R. committed the following overt acts, among others:

- On or about July 11, 2012, J.R. purchased stock options in Shaw;

- On or about July 12, 2012, J.R. transferred funds into an options trading account;

- On or about July 13, 2012, the defendant purchased 125 shares of stock in Shaw using his office computer in Baton Rouge, Louisiana;

- On or about July 16, 2012, J.R. purchased additional stock options in Shaw; and

- On or about July 24, 2012, J.R. purchased additional stock options in Shaw.

### The Profits

As a result of the conspiracy, the defendant and J.R. made approximately $753,022 in profits. In and around November 2013, J.R. visited the defendant at his home in Baton Rouge, Louisiana. During the visit, J.R. handed the defendant $30,000 in cash, which represented the defendant's portion of J.R.'s insider trading activity. In total, the defendant personally made $32,006 in profits as a result of the conspiracy.

### Cooperation

After his initial interview with federal agents, the defendant voluntarily admitted his role in the offense and agreed to cooperate with the Government.

The defendant understands that the Court is not bound by this stipulation.

11.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

12.

The defendant admits that he derived $32,006 in proceeds from the offense charged in the Bill of Information. He therefore agrees to forfeit to the United States immediately and voluntarily a sum of money equal to $32,006 in United States currency and consents to entry of a personal money judgment against him in such amount. The defendant understands that forfeiture of such property by payment of such money judgment will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon him as part of his sentence. The defendant understands that the United States is not limited to forfeiture of the above described property and may forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). The United States may also institute forfeiture proceedings of any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense, pursuant to Title 18, United States Code, Section 981, and Title 28, United States Code, Section 2461(c). The defendant agrees to waive any claim of double jeopardy should the United States institute any

civil or administrative forfeiture proceedings. The defendant waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea and the admission are accepted.

13.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, post-conviction, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

14.

The defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

15.

The defendant acknowledges that there may be independent civil or administrative proceedings related to the violations contained in the Bill of Information and the conduct outlined in the factual basis in this Plea Agreement. The defendant further understands that nothing contained in this Plea Agreement is meant to limit the rights and authority of the United

States to take further civil or administrative action against the defendant, including but not limited to an enforcement action by the United States Securities and Exchange Commission.

16.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to him as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

17.

The defendant acknowledges that he has read the Plea Agreement, that he fully understands it, and that it has been entered into knowingly, voluntarily, and with the advice of counsel. The defendant has no objection to the legal representation he has received.

This Plea Agreement is entered into this  5th  day of  June  , 2014, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

_____  
SCOTT DAVID ZERINGUE  
DEFENDANT

J. WALTER GREEN, LBN 27812  
UNITED STATES ATTORNEY

_____  
DAVID ROZAS, LBN 29505  
ATTORNEY FOR DEFENDANT  
758 Royal Street  
Baton Rouge, LA 70802  
Telephone: (225) 343-0010  
Fax: (225) 343-5018

J. CHRISTOPHER DIPPEL, JR., LBN 30480  
ASSISTANT U.S. ATTORNEY  
777 Florida Street, Suite 208  
Baton Rouge, LA 70801  
Telephone: (225) 389-0443  
Fax: (225) 389-0561

M. PATRICIA JONES, LBN 18543  
ASSISTANT U.S. ATTORNEY  
777 Florida Street, Suite 208  
Baton Rouge, LA 70801  
Telephone: (225) 389-0443  
Fax: (225) 389-0561